UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ANGEL REYES PEREZ,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-05254-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On July 8, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On July 9, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In addition, respondents were directed to state any opposition they have to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

/////

That same day, respondents filed a combined opposition to petitioner's motion for temporary restraining order and petition for writ of *habeas corpus*. (Doc. No. 6.) On July 10, 2026, respondents filed a second slightly edited combined opposition to petitioner's motion for temporary restraining order and petition for writ of *habeas corpus*, with an additional exhibit. (Doc. No. 7.) In both documents, respondents concede that this case is not materially distinguishable from those cited in the court's minute order, except that petitioner was granted voluntary departure, departed this country, and returned to the United States three times in 2021, and that he has been arrested for failure to appear in criminal proceedings and for violation of a restraining order, such that he may constitute a flight risk or danger to the community.[1] (Doc. Nos. 6 at 3; 7 at 4.) Respondents do not argue or explain how these factual assertions distinguish this case from those cited in the court's minute order. Respondents do not object to the court deciding the petition based upon the briefing presently before it, and the court will do so.

Based on the briefing, the court finds the following facts. Petitioner was initially detained by immigration authorities on or about April 12, 2024 and released that same day. (Doc. Nos. 7-1 at 3; 7-2 at 1.) Petitioner was arrested by state law enforcement on April 30, 2026, apparently in connection with an alleged violation of probation. (Doc. No. 6-2 at 14.) Petitioner was "encountered by ICE" on April 30, 2026, at a county jail. (Doc. No. 6-1 at 2.) It is unclear whether petitioner was re-detained by ICE on April 30, 2026, when he was encountered by ICE, or on May 21, 2026, which is noted as the date of "apprehension" in the form I-213 (*Id.* at 1). In either event, it appears that petitioner was not provided notice or a hearing regarding the reason for his re-detention.

/////

[1] Notably, according to the criminal history report provided by respondents, petitioner was arrested for failure to appear in criminal proceedings on April 29, 2023 and December 1, 2023, which were both before he was released from immigration detention on April 12, 2024. (Doc. Nos. 6-2 at 9–10; 7-2 at 1.) Petitioner's subsequent release on bond was a determination that these arrests did not render him a danger to the community or a flight risk preventing his release from detention. *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025) ("As ICE was not authorized to release [petitioner] if she was a danger to the community or a flight risk, the Court must infer from [petitioner's] release that ICE determined she was neither.")

In light of petitioner's prior release by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release. Further, the court incorporates and adopts the reasoning set forth in *Moran v. Andrews*, No. 1:26-cv-04891-DAD-AC, 2026 WL 1893581, at *2 (E.D. Cal. June 30, 2026), where, as here, the respondents provided no evidence or argument that there was the necessity of quick action by ICE such that petitioner could not have been provided a pre-deprivation hearing after he was released by local authorities.

Based on the foregoing, the court concludes that petitioner's re-detention absent pre-deprivation notice and an opportunity to be heard violated due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Andres Guevara Moran, A-File No. 240-160-370, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention;
   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;
4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **July 14, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE